### COMMONWEALTH *vs.* METROPOLITAN RAILROAD COMPANY.

An indictment under the St. of 1864, *c.* 229, § 37, can be maintained against a street rail-way corporation for causing the death of a person, although it does not allege that the death was instantaneous.

On the trial of an indictment under the St. of 1864, *c.* 229, § 37, against a street railway corporation for causing the death of a person, there was evidence tending to show that the deceased, a girl two years and one month old, went from home, with her mother's consent, in the charge of a girl sixteen years old; that, when last seen before the accident, they were half way across a straight, level street, sixty feet wide; that the child was there run over by the defendants' car and killed; and that the driver of the car was at the time looking at a fire in the neighborhood. *Held*, that the evidence warranted the jury in finding that the deceased was in the exercise of due care and the defendants were guilty of negligence.

INDICTMENT under the St. of 1864, *c.* 229, § 37, against a street railway corporation, for driving a car against and over Margaret Shaughnessey, whereby her life "was thereafterwards on the same day lost." In the superior court in Suffolk, before the jury were empanelled, the defendants moved, and *Putnam*, J., overruled the motion, to quash the indictment, because it did not appear thereby "that said Margaret immediately lost her life by reason of any alleged negligence of the defendants;" or "how soon death followed from said alleged negligence;" or "but that she lived sufficient length of time after said alleged injury for damages to have been recovered for injuries which she suffered from said alleged negligence of the defendants, in the civil side of the court, by her representatives during her lifetime;" or but that she was in full possession of her reason and mental faculties from the time of the accident to the time of her death.

At the trial, the Commonwealth introduced evidence tending to show that the deceased, a child two years and one month old, went from her home in Boston, with her mother's consent, five minutes before the accident, in the charge of a girl sixteen years old, who had lived in the family; that this girl was seen, two minutes before the accident, coming down Middle Street with the child; that Middle Street leads into Dorchester Avenue, along which are two tracks for the defendants' cars; that Dorchester Avenue was there sixty feet wide, level and straight; that when

the girl and child were last seen, they were half way across Dorchester Avenue from Middle Street; that the child was there run over and killed by a car of the defendants; and that the driver of the car, who had charge of the brakes, was at the time looking at a fire in the neighborhood. The defendants introduced evidence which is now immaterial; and it was conceded, on all the evidence, that the child was instantly killed.

The defendants requested the judge to instruct the jury that there was no evidence that the driver was unfit, negligent or careless at the time of the injury, or that Margaret Shaughnessey was at and before the time of the injury in the exercise of due care; but the judge refused the request, and submitted the case to them under instructions not otherwise excepted to. The jury returned a verdict of guilty, and the defendants alleged exceptions.

*W. A. Field*, for the defendants.

*N. St. J. Green*, for the Commonwealth.

COLT, J. Liability to indictment under the statute for death caused by the negligence of a street railway corporation is not confined to cases where the death is instantaneous. There is no such limit in express terms; nor does the fact that a civil action for damages lies, under another statute, in favor of the legal representative, when the death is not instantaneous, justify the interpretation contended for. St. 1864, c. 229, § 37. Gen. Sts. c. 127.

A common law action, surviving under the statute to the administrator, and an indictment under the statute, do not cover the same ground. In the former, damages for the personal injury to the deceased are alone recovered; in the latter, the purpose is to secure to the relatives some compensation for the loss to them, as well as to inflict some punishment for the offence. In one, damages are recovered by the legal representatives, which in the due settlement of the estate may never come to the relatives. In the other, the amount of the fine, within the limit named in the statute, is fixed by the court, and paid to the use of the widow and children in equal moieties, or to the next of kin, as the case may be. It is not important to consider now what effect, if any, proof of a judgment in a civil action, or a settlement with the

party injured or his representative, would have upon the prose-cution of an indictment for the same act of negligence. *Read* v. *Great Eastern Railway Co.* Law Rep. 3 Q. B. 555. It is enough that it was not necessary to allege, in this indictment, that the death was instantaneous ; and the motion to quash was there-fore properly overruled. *Bancroft* v. *Boston & Worcester Rail-road Co.* 11 Allen, 34.

It is claimed that the refusal of the court to rule at the trial as requested, on the question of due care and negligence, was erro-neous. The case here, in the opinion of the court, falls within the case of *Mulligan* v. *Curtis*, 100 Mass. 512, for the evidence, although conflicting and of doubtful preponderance, is sufficient to justify the jury in finding that there was due care on the part of those having the custody of the child, and also that there was negligence on the part of the defendants. The whole or a part of the defendants' evidence may have been discredited by them; and we must take the case as left by the Commonwealth.

There was certainly evidence which tended to show that the child went from home with the mother's knowledge and consent, five minutes before the accident, in charge of a girl who had lived in the family, and who was of an age sufficiently mature to have the proper custody of it ; that this girl was seen with the child, in the street, going towards the place of the accident, two min-utes before it occurred, and when last seen was with the child half way across the street or avenue through which the cars passed, and which was there sixty feet wide, with two tracks for cars, and was both level and straight. This was evidence of due care, to be submitted to the jury with proper instructions. And as to the negligence of the defendants' servants, it is enough that there was evidence that the attention of the driver of the car, who had charge of the brakes, was attracted from his duties, at the time, towards a fire which was burning in the neighborhood, so that he failed to stop the car.in time.        *Exceptions overruled.*