JOHN DAVIS, administrator, *vs.* NEW YORK AND NEW ENGLAND RAILROAD COMPANY.

Middlesex.   Nov. 9, 1886. — Jan. 8, 1887.   HOLMES & GARDNER, JJ., absent.

A cause of action for a personal injury accrued to a citizen of this Commonwealth, while in another State, against a railroad corporation which, under the laws of each State, operated its road as a continuous line. By the laws of the other State, such a cause of action did not survive his death, but his administrator might bring a special penal action, for the benefit of persons named. *Held,* that the administrator of the person injured could not maintain an action at common law in this Commonwealth, under the Pub. Sts. *c.* 165, § 1, against the railroad corporation.

DEVENS, J.   The defendant is a railroad corporation, operating a railroad through Massachusetts and Connecticut, as a continuous line, by virtue of the St. of 1873, *c.* 289, and exists as a corporation by the laws of each of these States. This action is brought by the plaintiff, as administrator of the estate of Mrs.

Ruth L. Brown, for alleged injury to her, which finally resulted in her death, by reason of the carelessness of the defendant and that of its servants, while she was being conveyed as a passenger over its railroad in Connecticut, the intestate being herself at the time in the exercise of due care.

The law of the State of Connecticut has been properly determined as a fact by the judge presiding at the trial, and his finding in regard to it is conclusive. *Ames* v. *McCamber*, 124 Mass. 85, 91. From this it appears " that, by the common law in Connecticut, an action for personal injuries does not survive to the administrator of the person injured; that there is no statute or law in Connecticut by virtue of which a common law action for personal injuries is revived, or made to survive to an administrator of the person injured." The facts, as they are alleged, " do not constitute a cause of action under the laws of the State of Connecticut by the administrator in behalf of the intestate's estate, and this action could not be maintained in that State, if duly brought by an administrator there." The administrator may there maintain, upon these facts, a special action, penal in its nature, created by the statutes of Connecticut, by which the damages recoverable are limited to not more than $5000, and under which the damages recovered do not become assets of the estate, but are recovered in behalf of certain persons not thus entitled to the same according to the laws of distribution, and are to be paid over in specified proportions to them.

The plaintiff does not contend that he may maintain this action as the special one provided by the statute of Connecticut, nor under the laws of that State. *Richardson* v. *New York Central Railroad*, 98 Mass. 85. We are aware that the correctness of this decision has been called in question by the Supreme Court of the United States in *Dennick* v. *Railroad*, 103 U. S. 11 ; but it is unnecessary to reconsider our own decision, as the plaintiff seeks only to maintain his action under our statute, which provides that, in case of damage to the person, the action shall survive, and may thus be prosecuted by an administrator. Pub. Sts. *c.* 165, § 1. *Hollenbeck* v. *Berkshire Railroad*, 9 Cush. 478. The inquiry is therefore presented, whether a cause of action at common law, which dies with the person in the State where it accrued, not having been made there to

survive by any statute, will survive under and by virtue of the statutes of survivorship of another State, so that, if jurisdiction is there obtained over the person or property of the defendant, judgment may properly be rendered against him or his property. That our statute would furnish a remedy, where the cause of action was one recognized by the law of this State as the foundation of an action at common law, although it accrued without the State, it being there recognized as existing, and not discharged or extinguished, will be conceded.

It must certainly be the right of each State to determine by its laws under what circumstances an injury to the person will afford a cause of action. If this is not so, a person who is not a citizen of the State, or who resorts to another State for his remedy, if jurisdiction can be obtained, may subject the defendant in an action of tort to entirely different rules and liabilities from those which would control the controversy were it carried on where the injury occurred ; and, as by the law of Massachusetts it is required that a person injured while travelling upon a railroad must prove, not only the negligence of the defendant, but also that he himself was in the exercise of due care, and as jurisdiction may be obtained by an attachment of property of the defendant in another State, the plaintiff might relieve himself of the necessity of proving his own due care, if, by the law of the State to which he may resort, such proof is not required, and thus put upon the railroad company a higher responsibility than is imposed by the State in which it was performing its business. In a similar way, if a traveller upon a steam or horse railroad could not recover in this State for an injury done by carelessness in transporting him, because he was travelling upon Sunday, in violation of the laws of the State, he might, unless the law prescribed in this State is to govern, recover in any State where laws forbidding travelling on Sunday did not exist, if jurisdiction could there be obtained over the defendant or its property. Where an injury occurs in another State, which would be the foundation of an action at common law, and it is known that the general law of that State is the common law, it may be inferred that the transaction is governed by its rules as here applied, in the absence of evidence to the contrary ; but, when it is shown to be otherwise, the law of the State where

the injury occurs is to be regarded. It is a general principle, that, in order to maintain an action of tort founded upon an injury to person and property, the act which is the cause of the injury and the foundation of the action must at least be actionable by the law of the place where it is done, if not also by that of the place in which redress is sought. *Le Forest* v. *Tolman*, 117 Mass. 109, and cases cited. It must be for the State of Connecticut to prescribe when, and under what circumstances, a cause of action shall arise against a corporation which operates a railway within its limits, by reason of an act done by it. It may provide that, for an injury done by its carelessness, there shall be no cause of action on behalf of the injured party, but punishment by indictment only, or it may give to such injured person a cause of action, and for the same injury make the corporation responsible, by indictment or other proceeding, for a fine or damages which shall go to the State, to relatives of the injured party, or to any other persons named. *Commonwealth* v. *Metropolitan Railroad*, 107 Mass. 236.

The intestate did, by the common law of Connecticut, have a right of action during her lifetime, but for this has been substituted in that State, she having deceased, the penal action created by the statute.

It is the contention of the plaintiff, that the cause of action may be held to survive by virtue of our statute, notwithstanding no cause of action now exists in Connecticut. Pub. Sts. *c.* 165, § 1. That the special action in Connecticut can now be maintained is not controverted. If, therefore, this contention of the plaintiff is correct, the defendant continues liable for its act or neglect in Connecticut by the law of Massachusetts, while it is also liable by reason of the penalty imposed upon it by the law of Connecticut as a substitute for its original liability, such penalty being still capable of enforcement. The design of our statutes of survivorship is primarily to provide for survival of those actions of tort the causes of which occur in this State. If similar statutes existed in another State, where the original cause of action accrued, it would not be difficult to hold that our own applied to such causes, upon the same principle by which we hold that the intestate herself might originally have brought her action here. When no such cause of action now exists in

the State where the injury occurred, it is not easy to see how it can exist here, especially when, in such State, another cause of action, growing out of the same facts, has been substituted for it. This would be to subject the defendant to two liabilities, one existing by the law of the State in which jurisdiction over person or property was obtained, but in which the accident did not occur; and the other imposed by the law of the State where it did occur, and where the defendant had its residence; while in either State the liability there imposed would be the only one to which the defendant could by its law be subjected.

It may be suggested, that the law of Connecticut, in failing to provide that an action for a personal injury shall survive to the administrator, has, negatively, only the same effect as a statute of limitations, which operates merely to take away the remedy of a plaintiff, while his cause of action still exists.

By the ancient common law, as it existed before the St. of 4 Edw. III. *c.* 7, which was adopted and practised on in this State before the Constitution, 6 Dane Abr. 607, no action *ex delicto* survived to the personal representative, the maxim *Actio personalis moritur cum persona* being of universal application. *Wilbur* v. *Gilmore*, 21 Pick. 250. Subsequently to that statute, which was liberally construed, an action for a tort, by which the personal property of one was injured or destroyed, survived to his administrator, such tort being an injury to the property which otherwise would have descended to him. But the theory that a personal injury to an individual was limited to him only, that no one else suffered thereby, and that therefore by his decease the cause of action itself ceased to exist, continued.

While the action for personal injury is spoken of as surviving, as there previously was no responsibility to the estate, the statute creates a new cause of action. It imposes a new liability, and does not merely remove a bar to a remedy such as is interposed by the statute of limitations, which, if withdrawn by the repeal of the statute, would allow an action to be maintained for the original cause. What the new liability shall be, by what conditions it shall be controlled, and whether the original liability shall be destroyed, must be determined by the law of the State where the injury occurs, unless the legislation of other States is to have extra-territorial force, and govern transactions beyond

their limits. We perceive no intention to invest it with such force, even if it were possible so to do.

By the decease of the intestate, the cause of action at common law which she once had in Connecticut has there ceased to exist. It is for that State to determine what provision, by action or indictment, if any, shall be made in order to indemnify the estate of the intestate, or her relatives, or to punish the party causing the injury to her. Our statute, permitting the survival of similar actions in this State, does not therefore apply.

The question considered in the case at bar was fully and ably discussed in *Needham* v. *Grand Trunk Railway*, 38 Vt. 294, and the same result reached as that at which we have arrived. To the same effect also is *State* v. *Pittsburgh & Connellsville Railroad*, 45 Md. 41.

The plaintiff, in his argument, attaches importance to the St. of 1873, *c.* 289, by virtue of which the defendant's railroad is operated in the several States through which it runs as a continuous line ; but the fact that it is a corporation by the law of Massachusetts as well as by that of Connecticut cannot make its liabilities different or greater in this State on account of transactions occurring entirely in Connecticut ; nor are the rights of the plaintiff greater because his intestate, who was injured in this transaction, was a citizen of this Commonwealth. *Whitford* v. *Panama Railroad*, 23 N. Y. 465, 472. *Richardson* v. *New York Central Railroad, ubi supra.*

The ruling that the action could be maintained was therefore erroneous. *Exceptions sustained.*

*H. E. Bolles & R. M. Saltonstall,* for the defendant.

*A. R. Brown & E. A. Alger,* for the plaintiff.