ST. LOUIS SOUTHWESTERN RAILWAY COMPANY v. GOODWIN.

Opinion delivered January 14, 1905.

NEWLY DISCOVERED EVIDENCE — ALLEGATION OF DILIGENCE.—Where plaintiff recovered judgment against defendant railway company for the value of a lost trunk and its contents, and subsequently the trunk was found, when it was discovered that it did not contain all of the things for which judgment was rendered, and that its contents were not of the value shown by the evidence at the trial, defendant was

not entitled to a new trial on the ground of newly discovered evidence if the affidavits for new trial alleged merely that defendant used due diligence to discover the evidence, but failed to state what acts were done which amounted to diligence.

Appeal from Jefferson Circuit Court.

ANTONIO B. GRACE, Judge.

Affirmed.

*S. H. West* and *J. M. & J. G. Taylor,* for appellant.

The court erred in overruling the motion for a new trial. 29 Ark. 365; 174 Mass. 43; 44 Ark. 39. A new trial should have been ordered on account of newly discovered evidence. S. & H. Dig. § 5839; 20 Ark. 330.

*A. T. Whitelaw,* for appellee.

After property has been converted, and a tender of same has been made to the owner, such tender is no bar to the recovery of the value of the property so converted. 29 Ark. 365; 38 N. Y. 423; 17 Wend. 91; 24 Wend. 379. A party seeking a new trial for newly discovered evidence must state what the evidence is, and what diligence was used to obtain it. 2 Ark. 33, 45, 346; 11 Ark. 671; 26 Ark. 496; 13 Ark. 361; 28 Ark. 121. It should be shown that the newly discovered evidence would induce a different result at the trial. 15 Ark. 395; 41 Ark. 229; 25 Ark. 89; 65 Ark. 546. Such motions for a new trial are addressed to the discretion of the presiding judge. 41 Ark. 229; 54 Ark. 364.

BATTLE, J. Dora Perdue Goodwin, being in Camden, in this State, purchased a ticket of the St. Louis Southwestern Railway Company for transportation over its road from that place to Pine Bluff, and at the same time delivered her trunk to the company to be checked and transported to the same place, and received a check for the same. Upon her arrival at Pine Bluff she called at the company's depot for her trunk, and was told that it could not be found. She called frequently, and always received the same answer. Finally, after waiting several weeks, and failing to get her trunk, or its value, she brought an action for the

value of it and its contents, amounting to $166.60, against the company; and it denied the conversion of the trunk and its contents, and that they were of the value stated. The issues joined were tried before the trunk was found, and a judgment was rendered for the amount sued for, $166.60. Afterwards the trunk was found, and it was discovered that it did not contain all of the things for the value of which the judgment was in part rendered, and its contents were not of the value shown by the evidence adduced at the trial. The defendant moved for a new trial on the ground of the newly discovered evidence. The motion was denied, and it appealed.

Motions for new trial on the ground of newly discovered evidence are addressed to the sound legal discretion of the trial court. They should show that reasonable diligence was used to discover the evidence. In this case affidavits were filed with the motion to the effect that appellant had used due diligence and done all in its power to discover the evidence, but do not state the acts done which affiants denominate reasonable diligence, except that the trunk was traced to the depot in Pine Bluff, at which place all trace of it was lost. Eight months after it was lost it was found at the depot of the St. Louis, Iron Mountain & Southern Railway Company in Pine Bluff. The statement that the appellant had used due diligence was an expression of an opinion, and was not sufficient to show due or reasonable diligence. It does not appear that the trial court abused its discretion.

Judgment affirmed.