FRENCH *v.* STATE.

4284                           168 S. W. 2d 829

Opinion delivered March 1, 1943:

*Claude E. Love* and *Wayne Jewell,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

HOLT, J. A jury convicted appellant of the crime of assault with intent to kill and assessed his punishment at three years in the state penitentiary. This appeal followed.

For reversal appellant assigns as error the action of the court (1) in overruling his motion for a continuance, and (2) in refusing to grant his motion for a new trial.

## 1.

Appellant was tried September 30, 1942. September 28, 1942, appellant filed and presented his verified motion for a continuance. He alleged that he was arrested and imprisoned for the offense charged on May 16, 1942, and 37 days later was released on bail; that immediately upon being released he employed an attorney of Camden, Arkansas, to represent him, and paid the fee agreed upon in advance; that on September 25 his attorney informed him that he "could not and would not represent him further," and withdrew from the case. He further alleged that "if a continuance is granted until the next term of this court or until a time sufficient for him to secure the services of an attorney, he will immediately secure said services as expeditiously as possible and that he will promptly appear at the time designated by the court." His prayer was that he be given sufficient time to procure the services of an attorney to defend him. This motion was presented to the court on September 28, the day on which it was filed, and after hearing testimony presented, the court made the following order: "On this day by permission of the court the defendant files his motion for continuance herein, and the court being well and sufficiently advised doth grant the same. It is therefore ordered by the court that this case be continued and that said cause be set for trial Wednesday, September 30, 1942, at 9 o'clock a. m."

Following this order, on September 30, appellant appeared in court without counsel, whereupon the court appointed Mr. Claude E. Love and Mr. Wayne Jewell, two able members of the bar, to represent appellant.

Immediately following their appointment to represent appellant, the attorneys, so appointed, renewed the motion for a continuance, which appellant had filed and presented theretofore, on the 28th day of September. Upon consideration of this motion it was overruled. Whereupon, on the same day appellant was placed upon trial, convicted and his punishment assessed by the jury at three years imprisonment.

On October 5, 1942, appellant filed and presented his motion for a new trial, which was on the same day over-

ruled and appellant, according to the record before us, was given sixty days within which to prepare and file his bill of exceptions. The record further shows that the bill of exceptions was presented to the trial judge December 14, 1942, and was filed with the clerk of the circuit court December 17, 1942.

It thus appears that the bill of exceptions was not filed within the time allowed by the court, and was filed too late for same to become a part of the record for consideration by this court. In *Boatright* v. *State,* 195 Ark. 611, 113 S. W. 2d 107, this court said: ''Appellant filed a motion for a new trial which was overruled, and on September 10, 1937, appellant was allowed sixty days within which to file his bill of exceptions. The judge signed and appellant filed his bill of exceptions on November 11, 1937, which was two days too late, in order for same to become a part of the record for consideration by this court. *Austin* v. *State,* 183 Ark. 481, 36 S. W. 2d 400. The evidence on the trial of a cause is brought into the record by filing a bill of exceptions within the time allowed by the court, and is the only way to bring evidence into the record, so we cannot determine whether the evidence is insufficient to sustain the verdict and judgment without reference to the record.'' See *Chandler* v. *State, ante,* p. 74, 167 S. W. 2d 142.

In the absence of a bill of exceptions we have no way of reviewing the evidence produced in support of appellant's motion for a continuance unless the alleged error appears on the face of the record itself. ''In the absence of a bill of exceptions it will be presumed that the court's findings of fact were based on the evidence where there is nothing in the record to rebut that presumption.'' *Foohs* v. *Bilby,* 95 Ark. 302, 129 S. W. 1104. In *Harper* v. *State,* 79 Ark. 594, 96 S. W. 1003, this court said: ''Continuances in criminal as well as civil cases are, as a general rule, within the sound discretion of the trial court, and a refusal to grant a continuance in a criminal case is never a ground for a new trial unless it is made to appear that such discretion has been abused to the prejudice of the defendant.'' In his motion for a continuance appellant does not allege that he is unable to pay for the

services of counsel to represent him. We think, on the face of the record, a lack of diligence, on the part of the appellant, to employ counsel is shown, no abuse of the court's discretion appears and that appellant's motion for a continuance was properly overruled.

### 2.

Appellant next argues that he should have been granted a new trial because of newly discovered evidence. The allegation covering this point in his motion for a new trial is that "since the trial of this cause defendant has been able to locate an eye-witness to the altercation and that this witness was unknown to the defendant at the time of trial; that defendant had no way of knowing that said witness saw the affair and defendant had exercised every effort to locate eye-witnesses who saw the affair, but only learned after the trial that the altercation had been witnessed by anyone except the prosecuting witness, Jelks, and the man named Shipp who testified for the State, and the new-found witness would testify that Jelks was the aggressor; that in each and every instance the defendant exercised due diligence in trying to secure eye-witnesses and to prepare himself for trial and has not been negligent in any instance."

The rule is well settled that motions for new trials, because of newly discovered evidence, are addressed to the sound legal discretion of the trial court, and it is only where an apparent abuse of that discretion, or an injustice appears, that this court will interfere. *Armstrong* v. *State,* 54 Ark. 364, 15 S. W. 1036. In *Ward* v. *State,* 85 Ark. 179, 107 S. W. 677, this court said: "Appellant in his motion for a new trial says that he did not know of this testimony at the time of the trial, and could not by reasonable diligence have known it. But this is not sufficient. Affidavits should be filed with the motion, and it should state the acts done which are denominated reasonable diligence and the facts and circumstances under which the newly discovered evidence came to the knowledge of defendant. *Runnels* v. *State,* 28 Ark. 121; *Campbell* v. *State,* 38 Ark. 498; *Robinson* v. *State,* 33 Ark. 180; *St. Louis S. W. Ry. Co.* v. *Goodwin,* 73 Ark. 528, 84 S. W.

728." See, also, *Jones* v. *State,* 196 Ark. 176, 116 S. W. 2d 610.

In the instant case appellant failed to file the necessary affidavits in support of his motion for a new trial, and, therefore, his motion was insufficient. We conclude, therefore, that no abuse of discretion has been shown in the court's refusal to grant appellant's motion for a new trial.

Finding no error, the judgment is affirmed.