CLARKSON v. STATE.

Opinion delivered October 6, 1924.

CRIMINAL LAW—RIGHT TO CHANGE OF VENUE.—As an accused has the right, at any time before the commencement of a trial, to obtain a change of venue by complying with the requirements of the statute, a rule of the trial court which attempted to restrict the exercise of that right to the presentation of an application at least one day in advance of the time set for trial is invalid, even though it leaves it to the court's discretion to determine whether or not the petition may be filed and presented later.

Appeal from Sebastian Circuit Court, Greenwood District; *John E. Tatum,* Judge; reversed.

*John P. Roberts* and *Robert A. Rowe,* for appellants.

*J. S. Utley,* Attorney General, and *John L. Carter,* Assistant, for appellee.

McCULLOCH, C. J. One of the appellants was convicted in six consolidated cases, and the other appellant was convicted in one case. All of the appeals are heard together, as they involve the same question, and will be disposed of in one opinion.

All of the cases had been set down for trial on January 31, 1924, and on the morning of that day each of the appellants filed a petition for change of venue. The cases were not taken up during that day, for the reason

that other cases ahead of them were on trial, but, on the morning of the next day, February 1, 1924, the cases were called, and, on presentation to the court of the motions for a change of venue, the court overruled the motions, for the reason that they had been filed too late, under a rule of the trial court, which reads as follows:

"In all cases set for a day certain, any motion for continuance, change of venue or other cause must be filed at the motion hour of the court next day preceding the day set for trial, and not thereafter, and no motion will be considered by the court if presented thereafter, unless good reason be shown for such default."

We decided in the case of *Maxey* v. *State*, 76 Ark. 276, that a rule of court requiring a notice of three days before the presentation of an application for change of venue was void, and that it was error to refuse such an application on the ground that the rule had not been complied with. The right to obtain a change of venue is one conferred not only by the statute but by the Constitution of the State (art. 2, § 10; Crawford & Moses' Digest, § 3088 *et seq.*), and the court has no power to restrict that right by rules.

Under the statute an accused has the right, at any time before the commencement of a trial, to obtain a change of venue by complying with the requirements of the statute. The rule in question established by the court attempted to restrict the exercise of that right to the presentation of an application at least one day in advance of the time set for the trial, though the rule leaves it to the discretion of the court to determine whether or not the petition may be filed and presented later. The right to obtain a change of venue is not dependent upon the discretion of the court further than in determining the credibility of the persons who give their affidavits in support of the application, and the court has no power to establish a rule which makes the right to present a petition for change of venue at any time dependent upon the court's discretion.

Our conclusion therefore is that the court erred in refusing to consider and pass upon the sufficiency of the application for change of venue.

The judgment is therefore reversed, and the cause is remanded for a new trial and for other proceedings in accordance with this opinion.