### COTNER *v.* STATE.

### Crim. 3801

### Opinion delivered June 20, 1932.

*Lee G. King, Williams & Williams* and *John P. Roberts,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

BUTLER, J. From a conviction in the Charleston District of the Franklin Circuit Court upon a charge of assenting to reception of deposits in an insolvent bank with knowledge that the bank was insolvent, this appeal is prosecuted.

The sole ground urged for reversal is that the court erred in overruling the motion for change of venue filed in apt time by the defendant. The petition for the change was regular upon its face, properly signed and verified, and was supported by the affidavits of Lee G. King and ten other qualified electors of Franklin County. The affidavit of Lee G. King was subscribed and sworn to before the circuit clerk and the affidavits of the other affiants were sworn to before a notary public.

At the hearing, the notary before whom the affidavits were made was examined, and it appeared that he was an attorney assisting John P. Roberts in the defense of the appellant, and that he went to see a majority of the persons who signed the affidavits, either at their place of business or where they were employed. Without examination of the affiants or other proceedings being had, the court thereupon overruled the petition for a change of venue and denied the same.

It is suggested by learned counsel for the appellee that the action of the court was probably guided by the decision of this court in the cases of *Hammond* v. *Freeman,* 9 Ark. 62, and *Coleman* v. *Frauenthal & Co.,* 46 Ark. 302. In the law and equity courts of England it appears to have been the rule of practice to refuse to receive affidavits made by a client before his attorney (95 Am. Dec. 378, note; 6 Ann. Cas. 37, note), but, as pointed out in *Coleman* v. *Frauenthal & Co., supra,* the action of these courts seems to have been grounded upon rules of practice adopted by them for the guidance of litigants rather than the strict pursuance of the rule of law. Such a rule of practice has never been adopted by the courts of this State, although it appears to have been enforced, indeed extended, in the case of *Hammond* v. *Freeman, supra,* but which was made without comment or explanation and upon authority of a single case— *i. e., Taylor* v. *Hatch,* 12 Johnson 340, decided by a New York court.

The decision in *Hammond* v. *Freeman, supra,* was referred to in *Coleman* v. *Frauenthal, supra,* where the

court, speaking through Chief Justice COCKRILL, took occasion to say that the English cases announcing the rule were of recent origin, and that, "as these were no part of the practice of the courts prior to the fourth year of James I, they can have no binding force with us." The decision in that case was to the effect that an affidavit for an appeal from a justice of the peace, made before the appellant's attorney in his capacity of notary public, is not void. The reason for the rule promulgated by the English courts is not clear, although, as suggested in *People* v. *Spalding,* 2 Paige, Ch. 326, cited in *Coleman* v. *Frauenthal, supra,* it might have been intended to discourage attorneys from engaging in a practice which, in the opinion of the court, might lead to abuse, and some of the courts which have followed the English rule have placed it upon grounds of public policy. Since this rule has never been promulgated by our courts and never enforced except in the single exception of *Hammond* v. *Freeman, supra,* we decline now to announce any such rule, as we can see no good reason for it.

In the instant case it will be observed that the client did not swear to the petition for change of venue before his attorney, and affidavits taken by the attorney in the capacity of notary public were of other persons, and this would not appear to offend even the rule referred to by Chief Justice COCKRILL in *Coleman* v. *Frauenthal, supra.* It was stipulated between the attorneys representing the State and the attorney for the appellant that the affidavits of the supporting witnesses to the application for change of venue were "in regular form and were properly sworn to by reputable and qualified citizens and electors of Franklin County, Arkansas, but were not examined as to their credibility, although some of them were present in the court room when the court sustained the State's demurrer or motion to quash the change of venue." In this the court erred in failing to test the credibility of the supporting affiants and peremptorily dismissing the motion. When a petition for change of

venue with supporting affidavits in form prescribed by statute is filed, the only inquiry on which a trial court may enter is as to the qualifications of the supporting witnesses; and, if they are within the qualifications prescribed, the court is without further discretion, and the order for a change must be made. *Dewein* v. *State,* 120 Ark. 302, 179 S. W. 346; *Whitehead* v. *State,* 121 Ark. 390, 181 S. W. 154; *Spurgeon* v. *State,* 160 Ark. 112, 254 S. W. 376; *Mills* v. *State,* 168 Ark. 1005, 272 S. W. 671; *Clarkson* v. *State,* 165 Ark. 459, 264 S. W. 975.

For the error indicated the judgment of the court below is reversed, and cause remanded for further proceedings in accordance with law and with this opinion.