## RUNNELS VS. THE STATE.

GRAND JURORS: *What will not invalidate the proceedings of.*

Where there was not a sufficient number of competent grand jurors and alternates present, and not excused, the court ordered the deficiency to be made up from the petit jurors who had been summoned, though not impaneled and sworn. *Held*, that though irregular for the court to designate, by name, persons to fill the panel, yet, such irregularity would not invalidate all the proceedings of the grand jury.

PROSECUTING ATTORNEYS: *Discretion as to disclosures made by defendant.*

It is within the discretion of the public prosecutor to determine whether or not, the defendant, who is an accomplice, shall be permitted to become "state's evidence," and also whether, if he does, he is afterward entitled to exemption from further prosecution by reason of what he has done.

NEW TRIALS:

Applications for new trials, based on the ground of newly discovered evidence, should be received with caution, and should be corroborated by other affidavits than that of the accused, and should not only state that the defendant did not know of the testimony in time for trial, but that he could not have obtained it by reasonable diligence.

CONFESSIONS: *To be admissible, must be voluntary, etc.*

Confessions of the defendant, to be admissible in evidence, must have been voluntarily made, and whether they were so made is a question for the court to pass upon, and its ruling in that respect will not be ground of reversal unless arbitrarily abused.

APPEAL from *Phillips* Criminal Court.

Hon. C. C. WATERS, Criminal Judge.

*G. F. Abbay*, for appellant.

*T. D. W. Yonley*, Attorney General, for appellee.

BENNETT, J. The appellant, James Runnels, was indicted at the January term of the criminal court of Phillips county, for murder. At the September term, he was tried and found

guilty of murder in the first degree. Motion for a new trial overruled, and defendant sentenced to be hung on the 13th day of December, 1872. On the 25th of November, 1872, an appeal and *supersedeas* was granted by this court.

A motion to set aside the indictment on the ground that there was error in the summoning and formation of the grand jury by whom the indictment was found and presented, in this, that upon organization and formation of said grand jury, there not being a sufficient number of competent grand jurors and alternates present, and not excused, to form the grand jury, the court ordered several of the men who had been selected and summoned, but not impaneled and sworn as petit jurors, to be taken to complete the grand jury, was over-ruled.

We are unable to discover any substantial error in this ruling of the court. The selection of a grand jury is regulated by statute. (Sec. 404, amendments of Code, 1871.)

This statute allows the court to complete the grand jury after the regular panel and alternates have been exhausted, from the bystanders. While it may be irregular for the court to designate persons by name to fill the panel, still this irregularity will not go so far as to invalidate all the proceedings of the grand jury.

The motion for a new trial is based upon several grounds. The only ones worthy of consideration are as follows:

1st. Because the defendant was taken by surprise in being put upon trial after having made a disclosure as to the alleged killing, to the state's attorney, upon a promise either expressed or implied, absolute or conditional, that he would be allowed to turn state's evidence.

2d. That in consequence of said promise, his counsel had not prepared his case for trial. It appears from the transcript that the defendant had made certain disclosures to the state's

attorney in relation to the crime of which he, together with others, was charged, upon a promise made to him by said attorney, that if he should testify when called upon by the state, that then he should not be prosecuted for any supposed complicity or participation in said crime. Do these facts present such a case as entitles the defendant to a continuance? We think not. When prosecutions are instituted and carried on by a public prosecutor who acts directly for the state and protects its interests, there is an evident propriety in considering it to be within the exclusive discretion of this officer to determine whether or not an accomplice shall be permitted to become "state's evidence," as it is sometimes expressed; and also whether, if he does, he is afterward entitled to be no further prosecuted by reason of what he has done. If a witness, on a trial, is introduced by the prosecuting officer to testify to facts which he knows, and he does not choose to conceal his own participation in them, he is a lawful witness, and no one but the witness himself is entitled to object to his criminating himself, and this is really all there is about being state's evidence, except the understanding relative to the future protection of the witness, and since the power to act is complete in the hands of the prosecuting officer, the right to exercise the power should be construed to be also in him.

As to the defendant being surprised, we have the record of the court as appears in the transcript to overturn any such hypothesis. The record says after the motion for a continuance had been overruled, "The court asked the defendant's attorney whether by reason of the matter in the motion for continuance just overruled he had been surprised, and had therefore failed to subpœna or procure the attendance of other witnesses, and that, if so, a continuance would be granted for that cause. To which the defendant's attorney responded that he had not been so surprised, whereupon the state and defendant

both announced themselves ready for trial, which was ordered to progress."

The third ground for a new trial is as follows: "That since the trial the defendant has discovered that the following important facts are evidence in his case, which in consequence of the surprise mentioned in the first ground herein, and of his friendless, moneyless condition and imprisonment, he was not able to procure in time for trial, not knowing their importance, they had escaped his attention and had not been told his attorney. By Wranford and Ned Graham, he can prove that he was not at the flat boat on the Sunday spoken of in the evidence, but was at the falls; by Mr. S. A. Batman, that he did hold out inducements to him to make the confessions, and by Eugene Mack, that it was he who made the statement on the boat which the witness Raymond testifies was made by the defendant. This statement was not supported by an affidavit.

Applications for new trials on the ground of newly discovered evidence are to be received with caution, and this in proportion to the magnitude of the offense. The application should be corroborated by the affidavits of other persons than the accused, and if possible, those of the newly discovered witnesses themselves, and it is not sufficient for the applicant to state that he did not know of the existence of the testimony in time to have brought it forward on the trial, but it must appear that he could not have ascertained it by reasonable diligence. *Pleasant v. The State,* 13 Ark., 362; Graham & Waterman, New Trials, vol. 1, pp. 462, 485, and cases cited.

The above statement does not, in any particular, present such facts as would warrant a court in granting a new trial for these reasons.

The fourth reason urged why a new trial should be granted was, that the court erred in admitting the confessions of the

defendant to go to the jury. Deliberate confessions of guilt are among the most effectual proofs in the law. Their value depends on the supposition that they are deliberate and voluntary, and on the presumption that a rational being will not make admissions prejudicial to his interest and safety, unless when urged by the promptings of truth and conscience. Before any confessions can be received in evidence in a criminal case, it must be shown that it was voluntary. The material inquiry, therefore, is, whether the confession has been obtained by the influence of hope or fear, applied by a third person to the prisoner's mind. The rule of law applicable to all cases only demands that the confession should have been made voluntarily, and the evidence to this point is addressed to the judge trying the case, who admits or rejects them as appears right in his discretion, and his judgment is not a subject of reversal unless arbitrarily abused.

In the case before us, it appears by the testimony of witness Yesby, that what confessions were made by the defendant, were made " without threats or promises. He made them voluntarily and in reply to questions asked him." Yesby says: " I made no promises or threats, nor used any undue influence to get him to make the confessions. The prisoner was under arrest, and was tried." The statement of the defendant as made to witness Haymond, " that he was one of the men " at the boat at the time of the shooting, appears to have been made of his own volition. No reason, therefore, can be urged why a new trial should be granted, because the statements of the defendant were allowed to go to the jury. Even if these statements had been ruled out, there is enough other testimony to have warranted the jury in finding the verdict. The only remaining reason why a new trial should be had is, that the court erred in giving verbal instructions to the jury. If this was a valid ground for a new trial, the transcript does not

show that the court gave any verbal instructions, but on the contrary, it shows that upon objections being made to verbal instructions being given, the court immediately reduced the instructions to writing.    This cause, assigned for a new trial, was very frivolous, and should not demand our attention for a moment.

Finding no error in the proceeding of the court below, the judgment is in all things affirmed.