HOLT v. STATE.

Opinion delivered May 31, 1926.

1. GRAND JURY—IRREGULARITIES IN FORMATION—WAIVER OF OBJEC-
   TION.—Objections for irregularities in the formation of the grand
   jury are waived by pleading to the indictment.

2. CRIMINAL LAW—ADMISSION OF EVIDENCE—NECESSITY OF OBJEC-
   TION.—Where no objection was made to the introduction of a
   photograph in evidence, or to the examination of a witness, the
   objections will not be considered on appeal.

3. LARCENY—LIABILITY OF PARTICIPANT.—One who participated in
   the original asportation of property stolen by her confederate
   was guilty of the larceny.

4. CRIMINAL LAW—ARGUMENTATIVE INSTRUCTION.—An instruction in
   a prosecution of a wife for larceny alleged to have been com-
   mitted with her husband, that "flight cannot be considered force-
   ful resistance, and the fact that the defendant left in flight with
   her husband, standing alone, raises no presumption of her guilt,
   and it is insufficient to sustain a conviction," was properly refused
   as being argumentative and giving undue prominence to a single
   fact.

Appeal from Garland Circuit Court; *Earl Witt,*
Judge; affirmed.

*C. Floyd Huff* and *Jay M. Rowland,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden
Moose,* Assistant, for appellee.

HART, J. This is a companion case to the one of
*Bob Holt* v. *State, ante,* p. 40. Hazel Holt is the wife
of Bob Holt, and was convicted of the same larceny and
has duly prosecuted an appeal to this court.

The first assignment of error is as to the formation
of the grand jury at the time of the return of the indict-
ment in this case. The record shows that the defendant
pleaded not guilty to the indictment, and went to trial.
Objections for irregularities in the formation of the grand
jury were waived by pleading to the indictment. Hence, if
there had been any error in impaneling the grand jury,
the defendant was too late in taking advantage of it.
*Carpenter* v. *State,* 62 Ark. 286, and *Latourette* v. *State,*
91 Ark. 65.

The next assignment of error relates to the introduction of a photograph of the defendant taken by the police in Memphis. No objection was made to the introduction of the photograph in evidence, and, under our rules of practice, we cannot consider this alleged assignment of error. *Brown* v. *State,* 169 Ark. 324.

The third contention of counsel for the defendant is that the court erred in permitting the State to interrogate the defendant with reference to a passport obtained by her after the commission of the alleged offense. No objection was made, and no exceptions were saved on this point. Hence, under our rules of practice, this alleged assignment of error cannot be considered by us.

The principal ground relied upon for a reversal of the judgment is that the court refused to give the following instruction: "The jury are instructed that, the evidence in this case having failed to show the presence of the defendant at the time the larceny charged in the indictment was alleged to have been committed, you will find the defendant not guilty on the first count in the indictment."

There was no error in refusing to give this instruction. The defendant was indicted for the crime of grand larceny for stealing $55,000, the property of Pete Sirbu and his wife. It was the theory of the State that Bob Holt and Hazel Holt, his wife, entered into a conspiracy to steal $55,000 from Pete Sirbu and his wife by the use of a trick or device, within the principles announced in *Arkansas National Bank* v. *Johnson,* 122 Ark. 1, and cases cited.

According to the evidence for the State, Bob Holt, the husband of Hazel Holt, by a trick or device obtained from Pete Sirbu, in the city of Hot Springs, Garland County, Arkansas, $55,000 belonging to Sirbu and $5,000 belonging to Sirbu's wife. The money was wrapped up in paper, and was delivered to Bob Holt on the steps of a hotel. Bob Holt took the money and walked down the porch of the hotel, where Hazel Holt was sitting. As soon as she saw her husband, she stood up and talked to

him for a few minutes. Bob Holt delivered the package of money to his wife, and they sat down for a minute or two. Then Hazel Holt got up and walked down the porch to a garage, with the money, and got in a taxicab and drove away.

This testimony brings the case squarely within the principles of law decided in *Monk* v. *State,* 130 Ark. 358, and *Davidson* v. *State,* 132 Ark. 116.

The evidence just detailed shows that there was a continuation of the asportation of the money, and that Hazel Holt participated in the larceny of the money, because the original asportation was still in progress when she received the money from her husband and carried it away in the taxicab.

It will be noted that the instruction was peremptory in its nature. It assumed that the original theft of the money had been ended when Hazel Holt received the package of money from her husband. As we have just seen, such was not the case, and the original asportation of the money was continued when the defendant received the package from her husband and carried it away with her.

Finally, it is insisted that the court erred in refusing to instruct the jury as follows: "Flight cannot be considered forceful resistance, and the fact that the defendant left in flight with her husband, standing alone, raises no presumption of her guilt, and it is insufficient to sustain a conviction."

The court properly refused to give this instruction. The instruction is argumentative, and singled out a single fact and gave it undue prominence to the jury. This the court is never required to do, because such action would have a tendency to confuse and mislead the jury as to the weight it should give to the evidence as a whole. *Fisher* v. *State,* 161 Ark. 586.

We find no prejudicial error in the record, and the judgment will therefore be affirmed.