LANAHAN AND BROWN *v.* STATE.

Opinion delivered January 30, 1928.

1. INDICTMENT AND INFORMATION—FORMATION OF GRAND JURY—WAIVER OF IRREGULARITY.—By pleading to the indictment, defendants waived any alleged illegality in the formation of the grand jury.

2. CRIMINAL LAW—HARMLESS ERROR.—Any alleged irregularity in the formation of the grand jury is not ground for reversal, where it does not appear that defendants could have been prejudiced thereby.

3. ROBBERY—OWNERSHIP OF PROPERTY TAKEN.—To constitute robbery it is not necessary that the ownership of the property taken should have been in the person robbed; it is sufficient if he had exclusive possession of it.

4. CRIMINAL LAW—FORMER TESTIMONY OF ABSENT WITNESS.—Testimony as to the statement of an absent witness made at the preliminary trial was properly admitted, where the testifying witness heard the absent witness testify and could remember his testimony.

Appeal from Garland Circuit Court; *Earl Witt,* Judge; affirmed.

*Houston Emory* and *Berry H. Randolph,* for appellant.

*H. W. Applegate,* Attorney General, and *Darden Moose,* Assistant, for appellee.

KIRBY, J. This appeal is prosecuted from a judgment of conviction for robbery in Garland County. Three errors are assigned for reversal.

1. That the court erred in impaneling the grand jury.

It appears that the court convened in regular term on September 26, 1927, the grand jury was impaneled, and, after returning certain indictments, by permission of the court adjourned to Tuesday, October 18, 1927, at 10 o'clock, and that on the 6th day of October, a day of the regular term, "by order of the court, the grand jury came into open court, and, three of the members being absent, the sheriff, who had been directed to summon the grand jury to meet in special session that day, and to summon a sufficient number of electors to serve

as grand jurors during the absence of any of the regular panel, reported that he had failed to notify three of the regular members of the called meeting of the grand jury, and Bettis Wheatley, J. N. Coppick and Herman Jenks were found to be qualified, and were sworn and impaneled as members of the grand jury.'' No objection was made at the time to any of said grand jurors, but, when the case was called for trial, appellants' attorney said they desired to save exceptions to the grand jury, which had adjourned to the 18th. The court stated the grand jury had just recessed to the 18th, subject to call.

No motion to set aside or quash the indictment on the ground that the jury was irregularly impaneled was made, and, by pleading to the indictment, the defendants waived the alleged illegality in the formation of the grand jury. *Carpenter* v. *State,* 62 Ark. 286, 36 S. W. 900; *Holt* v. *State,* 171 Ark. 279, 284 S. W. 1.

The court had the right to complete the panel upon the grand jury being reassembled by its order as though the members who failed to appear had been excused or discharged, and no contention is made that the new jurors were not qualified, or that any of them were prejudiced against appellants, and any such irregularity in the formation of the grand jury was not material and could not have prejudiced the rights of appellants. 12 R. C. L., p. 1019, 28 C. J., § 60, 786; *Perkins* v. *State,* 168 Ark. 710, 271 S. W. 326; *Runnels* v. *State,* 28 Ark. 121.

2. There is no merit in the contention that the court erred in refusing to give appellants' requested instruction telling the jury that, before they could convict either of the defendants, they must find that the money alleged to have been taken ''was the property of Peter Grumbley, and, if there is a reasonable doubt as to such ownership,'' they should give the defendants the benefit of such doubt and acquit; and in instructing the jury that, if they believed from the evidence that defendants took the money from Mr. Grumbley, ''and that the money taken was the property of Mr. Grumbley, or that

at the time he had exclusive possession or control of it,'' then the defendants would be guilty, etc.

The instruction requested was not technically correct, and the one given correctly declared the law, it not being necessary that the ownership of the property taken must have been in the person robbed, it being sufficient if he had the exclusive possession or control of it, as the court told the jury.  17 R. C. L., § 72, p. 67; *Harrell* v. *State,* 169 Ark. 1038, 278 S. W. 45; *Stoddard* v. *State,* 169 Ark. 594, 276 S. W. 358.

3.   Neither was error committed in admitting the testimony of W. G. Bouic, relating to the statement of the absent witness, Grumbley, shown to be out of the State, made at the preliminary trial, ''that he was riding in an automobile on the highway with Mr. Ferguson and two young ladies, Misses Hawthorne and Murray; that they had parked for a minute on the road, and that two men by the name of Lanahan and Brown came up; that Lanahan had a heavy voice, and a tooth missing above and below, and pulled a gun on him, and a searchlight, and took his money from his person.   The court asked if he said whose property it was that was taken, and Bouic replied that he had said he lost this money from his person; did not remember that he had said anything other than that he had lost $11, and that they took it from him.''

This testimony shows that the witness had heard the absent witness testify and could remember his testimony.   *Petty* v. *State,* 76 Ark. 515, 89 S. W. 465; *Poe* v. *State,* 95 Ark. 172, 129 S. W. 292.

The young ladies also testified about the occurrence, and the evidence is ample to support the verdict.

We find no prejudicial error in the record, and the judgment is affirmed.