FRENCH *v.* STATE.

Crim. 3839

Opinion delivered June 19, 1933.

*Oscar E. Ellis,* for appellant.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

JOHNSON, C. J., (after stating the facts). The first insistence is that the trial court erred in overruling appellant's motion for a continuance.

It is the well-settled law in this State that continuances are left to the sound discretion of the trial court, and that a refusal to grant a continuance is never ground for a new trial, unless it clearly appears to have been an abuse of such discretion and manifestly operates as a denial of justice. *Allison* v. *State,* 74 Ark. 444, 86 S. W. 409; *Wood* v. *State,* 159 Ark. 671, 252 S. W. 897.

From the statement of facts it appears that the only material testimony offered to be established by the absent witness was that the still which was found by the officers was located one-half mile distant from appellant's home. The witness John Rogers, who was present

at the trial, testified to this same fact, therefore, the evidence of the absent witness would have been cumulative only. For this reason, if no other, the trial court was fully warranted in overruling the motion for continuance.

It is next insisted that the trial court erred in not directing a verdict of not guilty in behalf of appellant. This is based upon the theory that the still which was found by the officers had no worm attached thereto.

If juries and trial courts could not convict defendants for possessing a still merely because some necessary part thereof had been detached, future convictions would certainly be imperiled. It is for the jury to determine whether or not the defendant was in possession of a complete still, and they should take into consideration all the facts and circumstances in evidence to determine this fact, and, when they have done so, trial courts and this court will not disturb their findings merely because some material part of the still was detached and not found.

It is next insisted on behalf of appellant that he did not receive a fair and impartial trial because Ulyless Lefevers, an accepted juror in said case, was biased and had expressed an opinion before the trial that defendant was guilty. The trial court heard testimony on this question of fact and decided that the juror was not biased and had not expressed an opinion before the trial.

This court held in *Hooper* v. *State, ante* p. 88, as follows: "The trial court heard evidence on this question and decided against the contention of appellant. The testimony was in conflict. The finding of the judge on questions of fact properly submitted to him is as conclusive here as the finding of a jury." Citing a number of cases.

Lastly, it is contended that this case should be reversed because the record does not reveal the names of all the bystanders who were summoned to complete the jury. The record does show the names of all jurors accepted in this case.

Section 6378 of Crawford & Moses' Digest provides: "If a jury cannot be obtained out of said panel of regu-

lar petit jurors, bystanders shall be summoned to complete such jury, and the oath mentioned in § 6375 shall be administered to said bystanders, and the record shall contain the names of said bystanders." This section of the statute is cited as authority for appellant's contention. "The record shall contain the names of all bystanders, etc.," is directory merely and not mandatory.

At any rate, we cannot conceive appellant's rights being jeopardized by noncompliance with the quoted section of the statute. It is certainly not an irregularity about which he should complain. In a long line of decisions this court has held criminal cases will not be reversed for nonprejudicial errors. *Middleton* v. *State,* 162 Ark. 530, 258 S. W. 995; *Perkins* v. *State,* 168 Ark. 710, 271 S. W. 326.

No prejudicial errors appearing, the judgment is affirmed.