

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

February 17, 1966

Honorable J. D. Crow
County Attorney
Hemphill County
Box 216
Canadian, Texas 79014

Opinion No. C-616

Re: Authority of county attorney
to bring removal proceedings
against the city attorney of

Dear Mr. Crow:                    a general law city.

You have requested our opinion concerning your authority to bring removal proceedings against a city attorney of a city incorporated under the general laws of the State of Texas.

Article 1006, Vernon's Civil Statutes, applicable to general law cities, provides as follows:

"The city council shall have power to remove any officer for incompetency, corruption, misconduct or malfeasance in office, after due notice and an opportunity to be heard in his defense. The city council shall also have power at any time to remove any officer of the corporation elected by them, by resolution declaratory of its want of confidence in said officer; provided that two-thirds of the aldermen elected vote in favor of said resolution."

In Attorney General's Opinion WW-1398 (1962), it was held that it was not the duty of the county attorney or district attorney to institute a suit for removal of an official of the governing body of a city incorporated under the general laws of Texas. We are not aware of any constitutional or statutory provision authorizing either the county attorney, district attorney or Attorney General to bring removal proceedings against an official of a city incorporated under the general laws of the State of Texas. Therefore, it is our opinion that the provisions

of Article 1006, Vernon's Civil Statutes, is the exclusive removal statute for city officials of general law cities.

You are therefore advised that you do not have authority to bring removal proceedings against a city attorney of a general law city. For a discussion of the powers of the county attorney and Attorney General to institute ouster proceedings, see Garcia v. Laughlin, 155 Tex. 261, 285 S.W.2d 191 (1956), and State v. Harney, 164 S.W.2d 55 (1942), error ref., w.o.m.

In view of our answer, we are not authorized to advise you as to whether a city attorney appointed pursuant to the provisions of Article 977, Vernon's Civil Statutes, is an officer within the meaning of Article 988, Vernon's Civil Statutes, nor other related questions, in view of the provisions of Article 4399, Vernon's Civil Statutes.

### SUMMARY

A county attorney is not authorized to bring ouster proceedings against a city attorney of a city incorporated under the general laws of the State of Texas.

Very truly yours,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Malcolm Quick
Phillip Crawford
Gordon Houser
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
By: T. B Wright