## THOMAS *v.* STATE.

### Opinion delivered October 2, 1916.

1. APPEAL AND ERROR—DISQUALIFICATION OF JURORS.—A recital in the motion for a new trial, in a criminal prosecution, set out that the trial court erred in permitting two jurors, who had sat in a previous case, and who had convicted the defendant there of the same crime with which this defendant was charged, to qualify as jurors in this case, thereby compelling this defendant to exercise his challenges or accept said persons in the trial of his case. The record did not show any objection to the action of the trial court, nor the saving of any exception, nor did it appear that he had exhausted his challenges before the jury was sworn. *Held* under the record, it was not shown that error was committed, even though the jurors were in fact, disqualified.

2. CONFESSIONS—ADMISSIBLE, WHEN.—In a criminal prosecution, evidence of a confession by the defendant, held admissible.

3. BURGLARY—GRAND LARCENY—SUFFICIENCY OF THE EVIDENCE.—In a prosecution for burglary and grand larceny, the evidence held sufficient to warrant a conviction.

Appeal from Miller Circuit Court; *Geo. R. Haynie,* Judge; affirmed.

*Wallace Davis,* Attorney General, and *Hamilton Moses,* Assistant, for appellee.

1. There was no prejudicial error in the acceptance of the jurors, whom defendant claimed sat on the trial of Dick Mitchell. See authorities cited in *Hall* v. *State, ante;* Pa. Sup. Ct. 38, 65; 120 S. W. 419; 36 Wash. 358; 145 Pa. 451; 40 S. E. 308; 129 S. W. 141. His peremptory challenges were not exhausted. 91 Ark. 585; 97 *Id.* 133; 91 *Id.* 576; 45 *Id.* 165.

2. No proper exceptions were saved. 29 Ark. 99; 63 *Id.* 527. It is too late to complain after verdict. 104 Ark. 616; 93 *Id.* 31.

3. There was no error in the admission of confessions. 1 Ruling Case Law, 564; Underhill Cr. Ev. § 140; 113 Iowa, 691; 121 Ga. 344; 190 Pa. St. 23; 113 Iowa, 691; 14 Ark. 555; 34 *Id.* 654; 107 *Id.* 568; 122 Ark. 605.

4. The confession was authenticated by the findings of the stolen property. Wigmore on Ev. § 856; 47 Ark. 174; 122 Ark. 606.

5.    There is no error in the instructions. 73 Ark. 497; 93 *Id.* 156; 109 Ark. 366.

SMITH, J.    (1)    Appellant was tried under an indictment charging him with burglary and grand larceny, and was convicted upon both counts. The crime was alleged to have been committed by burglarizing the store of one R. W. Cocke. Appellant was indicted therefor jointly with three other men. He complains that the court erred in failing to sustain a peremptory challenge against two of the jurors called to try him, for the reason that they had been members of the jury which had just convicted one of the men jointly indicted with him. It does not appear, however, that any objection was made or exception saved to this action of the court; nor does it appear that appellant had exhausted his challenges before the jury was sworn. We find nothing upon this subject in the transcript except the recital in the motion for a new trial that the court erred in permitting two jurors who sat in the previous case to qualify as jurors in the instant case, "thereby compelling the defendant to exercise his challenges or accept said persons in the trial of the case." Under this state of the record we cannot say that error was committed, even though the jurors were, in fact, disqualified.

(2)    Error is assigned in the admission of evidence of an alleged confession made by appellant, and it is urged this confession should not have been admitted because appellant had been whipped by a Mr. Strange, the chief of police of the city of Texarkana. Strange admitted whipping appellant, and he says this was done because appellant was drunk and impudent, and that this affair had no connection with the confession which was later made. This alleged confession was made in the presence of four witnesses, who detailed the circumstances under which it was made, and, according to their evidence, it was freely and voluntarily made. The trial was presided over by the same judge who presided in the case of *Shufflin* v. *State*, the report of which on the appeal is found in 122 Ark., page 606, and substantially the same

instruction was given here as was there approved on the weight to be attached to confessions. Under this instruction the jury could have given no weight to this alleged confession without having first found that it was voluntarily made, and there was evidence to support that finding.

(3)   Appellant also strongly insists that the evidence is insufficient to support the verdict. This cannot be true, however, if the confession is to be accepted. The owner of the store described the manner in which it was burglarized, and enumerated various articles which were stolen, and pursuant to appellant's confession some of these goods were located at the place where he had stated they would be found.

We conclude, therefore, that the record is free from prejudicial error and that the evidence is legally sufficient to sustain the verdict of the jury, and the judgment of the court must, therefore, be affirmed.