CLARKSON v. STATE.

Opinion delivered June 8, 1925.

1. CRIMINAL LAW—HEARING OF APPLICATION FOR CHANGE OF VENUE.
—Upon the hearing of an application for a change of venue, the
court's inquiry is limited to the determination of the credibility
of the affiants in the supporting affidavits.

2. CRIMINAL LAW—ABSENCE OF WITNESS—DILIGENCE.—Where appel-
lants failed to employ diligence to secure the attendance of a
material witness, who was out of the State at the time of trial,
they were not entitled to complain of being forced to trial without
him.

3. JURY—TERM OF SERVICE.—Under Crawford & Moses' Digest, §
6374, the term of service of jurors is four weeks, and jurors who
have served only two weeks are not for that reason ineligible
for further service.

4. CRIMINAL LAW—INSTRUCTIONS—WEIGHT OF EVIDENCE.—An oral
instruction to the jury, in response to a report of inability to
agree, that better and fairer evidence could not be had, and that
it was the jury's province to decide the case, and for them to
retire to consider their verdict further, held not prejudicial as
expressing an opinion as to the weight of the evidence or the
credibility of this witness.

5. CRIMINAL LAW—LANGUAGE OF COURT—WHEN HARMLESS.—Where
the prosecuting attorney in argument stated that the participa-
tion of a youthful witness in the crime had been induced by the
accused, and that he would not prosecute the witness, the court's
remark, in overruling objection to the argument, that the argu-
ment was one which the prosecuting attorney had a right to
make under the testimony, held not prejudicial.

6. CRIMINAL LAW—REMARK OF PROSECUTING ATTORNEY.—Defendant
can not complain of a remark of the prosecuting attorney that he
would not prosecute a State's witness because of his youth,
although his guilt was shown.

7. CRIMINAL LAW—JURY'S RECOMMENDATION OF MERCY.—Under Acts
1923, No. 76, a circuit judge is not bound by the recommendation
of the jury to suspend the sentence of a convicted person.

Appeal from Sebastian Circuit Court, Greenwood
District; John E. Tatum, Judge; affirmed.

Jno. P. Roberts and R. A. Rowe, for appellants.

H. W. Applegate, Attorney General, and John L.
Carter, Assistant, for appellee.

SMITH, J.   This is the second appeal by the appel-
lants from judgments of the Sebastian Circuit Court,

Greenwood District, sentencing them to the penitentiary. *Clarkson* v. *State,* 165 Ark. 459. The judgments on the former appeal were reversed because the court, in the application of a rule of practice of the circuit court, declined to hear a petition for a change of venue on the ground that the petition therefor had not been filed within the time prescribed by the rules of the court.

Upon the remand of the cases another petition for change of venue was filed and overruled, and this action is assigned as error, and it is now insisted that the court should have made an order changing the venue upon either the original or the second petition therefor.

We did not determine upon the former appeal that the venue should have been changed, but decided only that the court erred in refusing to hear and determine the appellants' right to a change of venue. Upon the remand of the causes the petition was heard on the testimony of the supporting affiants to the petition for the purpose of determining the credibility of the affiants. This is the practice which we have many times approved, but in approving that practice we have always pointed out that the inquiry of the court should be limited to a determination of the question of the credibility of the affiants.

Upon the examination of the affiants who made the supporting affidavits upon which the petition was based the court found the affiants were not credible persons within the meaning and requirements of the law, and denied the petition. This order was based upon a finding that the affiants were not familiar with the state of public sentiment in regard to appellants except in limited portions of the jurisdiction in which they were to be tried, and, without setting out the testimony, we announce our conclusion that this finding does not appear to have been arbitrarily made.

The legal sufficiency of the testimony is not questioned, but appellants insist that they were prejudiced by being required to go to trial in the absence of a material witness. The testimony of this witness would have been material to appellants' defense, but the court found

that diligence had not been employed in securing the attendance of the witness. Besides, it was shown that the witness was absent from the State at the time of the trial.

At the beginning of the trial appellants asked that six members of the panel of twenty-four jurors then present be discharged, on the ground that these six persons had been members of the regular panel which had served for the preceding two weeks, and had thus completed their term of service. Appellants are mistaken in assuming that the six jurors had become ineligible for further service after having served two weeks. By § 6374, C. & M. Digest, it is provided that "the term of service of any person summoned to serve on the petit jury in the circuit courts shall be limited to four weeks, and no person serving for such time shall be eligible for further service during that term or the next succeeding term. Provided, nothing in this section shall be construed to limit the time of service of any juryman who may be, at the time of expiration of his service, impaneled on a jury actually engaged in trying a cause."

In the case of *Humphrey* v. *State,* 74 Ark. 554, the term of court commenced September 19, 1904, on which day the petit jury was excused until October 3 following, and on October 8 the court adjourned until October 24, and on the 9th day of November following, when the defendant's case was called for trial, he moved to discharge the petit jury because the members thereof were not eligible for further service under the provisions of the statute which we have quoted. It was held by this court on the appeal that under this statute four week's actual service was necessary to render a person ineligible for further service during the term for which he was impaneled, and that the jurors in that case had not served four weeks and were eligible. In the instant case the jurors had served only two weeks.

After the causes had been submitted to the jury and had been under consideration for some time, the jury reported that they were unable to agree, whereupon the

court gave certain oral instructions in regard to the duty of jurors in considering causes submitted to them. This charge was as follows: "Of course, it is of the greatest importance that this case be decided, and there is no other way under the law and the Constitution to decide the guilt or innocence of a party except by a jury. You have been duly selected by both parties, and I do not know of any better people that we could get on this jury to determine the case that I feel would be better qualified to do it than you are, or to look into it more intelligently, or that would have better or fairer evidence than you have, and, while the court don't tell you which way to decide it, as that is entirely your province to decide it under the law and the evidence introduced, and with this admonition from the court, we hope you will be able to decide the case; and you will now retire to further consider your verdict."

It is the opinion of the majority—in which the writer does not concur—that there was no prejudice in giving this instruction, that it did not contain any expression of opinion as to the weight of the evidence or the credibility of the witnesses, but meant simply that the case had been fully developed and that the jury was in possession of all the testimony upon both sides of the question.

It is my opinion, however, that, in view of the conflict in the testimony, the statement of the court, that better and fairer evidence could not be had, was fairly open to the construction by the jury that there was testimony which should be disregarded as not being as fair and good as other testimony, and that, if this fair and good testimony only were considered, there would be no difficulty in arriving at a verdict.

A witness named Self, who was a boy sixteen years old, gave damaging testimony against appellants, and in the argument to the jury the prosecuting attorney stated that the boy's participation in the crime, which the witness had testified to, had been induced by the persuasion of appellants, and that the prosecuting attorney would not prosecute a boy under such circumstances. An objec-

tion was made to this argument, which was overruled, and in overruling the objection the court stated that it was an argument which the prosecuting attorney had the right to make under the testimony.

It would have been better had the objection been overruled without comment, but we do not think the comment constituted prejudicial error calling for the reversal of the case. We do not understand that the court stated that the testimony sustained the argument of the prosecuting attorney, but that it was proper for the prosecuting attorney to argue that the testimony did show that appellants had induced the witness' participation in the crime.

As to the statement of the prosecuting attorney that he would not prosecute the witness Self on account of his youth, although witness' guilt was shown, this was a matter about which appellants had no right to complain.

The jury found both appellants guilty, but the verdict contained a recommendation that the sentence of appellant Viola Clarkson, the wife of her co-defendant, be suspended, but, notwithstanding this recommendation, the court pronounced sentence upon them both.

Under act 76, Acts 1923, page 40, circuit judges are authorized, under certain circumstances, to suspend the sentences of convicted persons, but the act vests this discretion in the judge, and not in the jury. It would, of course, be proper for the court to consider any recommendation the jury might make in the matter, but the jury can only recommend and cannot control the discretion vested in the judge. *Kelley* v. *State,* 133 Ark. 261.

Other errors are assigned and are discussed by learned counsel for appellants, but we do not think these assignments of error are of sufficient importance to require discussion by us.

It is the opinion of the majority that no error was committed, and the judgment is therefore affirmed.