McGehee & Company v. Fuller.

Opinion delivered November 23, 1925.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—In testing the sufficiency of evidence to support the verdict, the testimony must be viewed in the light most favorable to the party obtaining the verdict.

2. MASTER AND SERVANT—BREACH OF EMPLOYMENT—DAMAGES.—Evidence *held* to sustain verdict in favor of defendant on his counterclaim for damages for plaintiffs' breach of contract of employment to buy cotton for plaintiffs on a commission basis.

3. MASTER AND SERVANT—BREACH OF EMPLOYMENT—EXPENSES INCURRED.—Evidence *held* to justify an instruction upon the theory that, in employing defendant to buy cotton on a commission basis, plaintiffs also agreed to pay all expense connected with the buying of the cotton.

4. APPEAL AND ERROR—INSTRUCTION ADVISING MINORITY OF JURY TO YIELD TO MAJORITY.—An instruction that, if a majority of the jury should be for the defendant, the minority ought to doubt the correctness of their judgment and distrust the weight of the evidence which fails to carry conviction to the minds of their fellows, was erroneous and prejudicial, as authorizing the minority to yield to the majority.

Appeal from Sebastian Circuit Court, Ft. Smith District; *John E. Tatum,* Judge; reversed.

STATEMENT OF FACTS.

J. F. McGehee & Company sued G. N. Fuller to recover the sum of $1,138.97, and the accrued interest alleged to be due them by the defendant upon a promissory note.

Fuller filed an answer, in which he admitted the execution of the note, and as a defense to the action alleged that the plaintiffs had broken a contract with him whereby he was damaged in a sum largely in excess of the amount of the note.

By way of cross-complaint, Fuller alleged that he had been employed by the plaintiffs, J. F. McGehee & Company, who were engaged in the cotton business in Fort Smith, Arkansas, to buy cotton for them in the town of Mansfield, Arkansas, upon a commission of one

dollar per bale; that the plaintiffs broke said contract by refusing to accept 152 bales of cotton bought for them by the defendant, and that the price of cotton declined to such an extent that he lost $3,569.44 upon the price of the cotton, and in addition certain items of expenses which are itemized.

The case was tried before a jury, which returned a verdict in favor of the defendant, and from the judgment rendered the plaintiffs have duly prosecuted an appeal to this court.

*A. A. McDonald* and *Warner, Hardin & Warner,* for appellant.

*Holland, Holland & Holland,* for appellee.

HART, J. (after stating the facts). The first assignment of error is that the evidence is not legally sufficient to sustain the verdict.

In testing the sufficiency of the evidence to support the verdict, the testimony must be viewed in the light most favorable to the party obtaining the verdict. Hence it is not necessary to abstract the evidence for the plaintiffs. It is sufficient to say that they introduced the note sued on in evidence, and that their own testimony contradicted in every material respect the evidence for the defendant.

According to the testimony of the defendant, he was engaged in the mercantile business at Mansfield, Arkansas, and entered into a contract with the plaintiffs to buy cotton for them for a commission of one dollar per bale. Under the contract the plaintiffs each day gave him a price to be paid for the cotton, and at night the defendant reported the number of bales bought and the price paid. He bought altogether for the plaintiffs under the contract something like 375 bales of cotton, and the plaintiffs received all of it, except 152 bales. The defendant testified that he bought this cotton for the plaintiffs in compliance with their contract, and that without any reason therefor the plaintiffs refused to receive it. The price of cotton declined. The defendant testified in detail as to the damages suffered by him on

this account, and according to his testimony his damages amounted to considerably more than $3,000. The evidence, if believed by the jury, warranted it in returning a verdict in favor of the defendant.

The second assignment of error is that the court erred in instructing the jury that, in arriving at the damages, it might consider whether or not the plaintiff had agreed to pay all expenses connected with the buying of the cotton. The objection made to this part of the instruction is that there was no testimony upon which to base it, and that on this account it was calculated to mislead and confuse the jury.

We can not agree with counsel in this contention. On this point we quote from the testimony of the defendant the following: "Q. He was to pay you a dollar a bale? A. Yes, for all the cotton I bought and any other expenses, and he was to get all the cotton I bought down there and pay me a dollar a bale commission, and I was to guarantee the weights. Q. He was to furnish you a limit and pay you $1.00 a bale? A. Yes, sir. Q. And give you a limit every day? A. Yes, sir. Q. Did you invoice the cotton to him at the limit, did you invoice it to him at the price at which you bought it? A. I invoiced it at his limit." In addition to this the defendant testified as to the expenses incurred by him. Therefore, the contention of plaintiffs that the instruction is abstract is not well taken.

The next assignment of error is that the court erred in giving the jury the following instruction:

"Cautionary instruction. The court instructs the jury that the only mode provided by our Constitution and laws for deciding questions of facts is by the verdict of the jury. In a large proportion of cases, and perhaps, strictly speaking in all cases, absolute certainty can not be attained or expected. Although the verdict to which a juror agrees must, of course, be his own verdict, the result of his own conviction, and not a mere acquiescence in the opinion of his fellows, yet, in order to bring twelve

minds to a unanimous result, you must examine the questions submitted to you with candor and a proper regard and deference to the opinions of each other. You should consider that you are selected in the same manner and from the same source from which any future jury must be, and there is no reason to suppose that the case will ever be submitted to twelve men more intelligent, more impartial, or more competent to decide it, or that more clearer evidence will be produced on the one side than on the other. And, with this view, it is your duty to decide the case, if you can conscientiously do so. To conferring together, you ought to pay proper respect to each other's opinions, and listen with an imposition to be convinced to each other's arguments. And, on the other hand, if much the larger number of your panel are for the plaintiff, a dissenting juror should consider whether doubts in his mind as to the correctness of their conclusions are reasonable in view of the fact that doubts which you have make no impression upon the minds of the other men, equally honest, equally intelligent with yourselves, and who have heard the same evidence with the same attention, with equal desire to arrive at the truth and under the sanction of the same oath, and, on the other hand, if a majority are for the defendant, the minority ought to doubt the correctness of their judgment which is not concurred in by most of those with whom they are associated and distrust the weight or sufficiency of that evidence which fails to carry conviction to the minds of their fellows."

An approval of the instruction is asked on the ground that the concrete part of it is substantially a copy of an instruction upheld in *Commonwealth* v. *Tuey,* 8 Cush. (Mass.) 1, which has been generally recognized as a leading case on the subject.

It is well settled that a jury should examine a question submitted to them with due regard to the opinions of each other and should try to reach a harmonious result if they can do so, under the laws and the evidence

in the case. After all each juror must form his opinion according to his best judgment without any attempt on the part of the court to influence him to render a verdict which is contrary to his conscience under the law and the evidence. *Newport* v. *Railway Co.* 58 Ark. 270; *St. L. I. M. & So. Ry. Co.* v. *Carter,* 111 Ark. 272; and *Simonson* v. *Lovewell,* 118 Ark. 81.

Now, it must be remembered that an opinion of the court must be construed in accordance with the question of law and fact presented in each particular case. It is also well settled that appellate courts only reverse judgments for errors prejudicial to the party appealing.

The Massachusetts court was considering a criminal case, and the precise question for the court to determine was whether or not the defendant was prejudiced by the giving of the instruction under consideration. In this view of the matter, the court held that he was not prejudiced because the instruction, in so far as it might affect the rights of the defendant, went no further than to say that, if any of the jury differed, in their views of the evidence, from a large number of their fellows, such difference of opinion should induce the minority to doubt the correctness of their own judgment and to lead them to re-examine the facts for the purpose of revising their preconceived opinions. In short, it was said that the trial court did nothing more than to present to the minds of the dissenting jurors a strong motive to unanimity. The concluding part of the instruction was not necessary to be considered, so far as the rights of the accused were concerned. Hence it is apparent that the concluding part of the instruction was not in the minds of the court in reaching its conclusion, and its effect in a case where it would be an issue was not decided.

The appeal was taken by the plaintiffs in this case, and the concluding part of the instruction was the part which affected their rights. That part of the instruction which they complain of is as follows:

"On the other hand, if a majority are for the defendant, the minority ought to doubt the correctness of their judgment which is not concurred in by most of those with whom they are associated and distrust the weight or sufficiency of that evidence which fails to carry conviction to the minds of their fellows."

Now, it is evident that this part of the instruction is materially different from that which just precedes it. It specifically tells the jury that, if a majority is for the defendant, the minority ought to doubt the correctness of its judgment, which is not concurred in by its associates and distrust the weight of the evidence which fails to carry conviction to the minds of their fellows. This constitutes advice by the court for the minority to yield to the majority, if the majority is for the defendant, and this, without considering whether their own conclusions are reasonable in the view of the fact that the majority believes the other way.

In other words, that part of the instruction complained of advises the minority to yield to the majority if it is for the defendant. Such is not the law, and we are of the opinion that the instruction was inherently wrong and necessarily prejudicial to the rights of the plaintiffs.

For the error in giving the cautionary instruction, as indicated, the judgment must be reversed, and the cause remanded for a new trial.