CRIGLOW *v.* STATE.

Opinion delivered March 9, 1931.

*Hal L. Norwood,* Attorney General, and *Pat Mehaffy,* Assistant, for appellee.

SMITH, J. Appellant was jointly indicted with Elmer English and C. M. Cunningham, upon the charge of robbery. The indictment alleged that "the said R. E. Criglow, Elmer English and C. M. Cunningham, in the county and State aforesaid, on the 22d day of March, 1930, wilfully, maliciously, feloniously and violently, from the person of O. G. Allen and against his will and putting him, the said O. G. Allen, in fear, did take, steal and carry away, $196, gold, silver and paper money of the value of $196, said money being then and there the property of the said Safeway Stores, Inc., a corporation operating and doing business as the Piggly Wiggly Stores."

A demurrer to the indictment was filed upon the grounds: (1) that it did not state of what country the

money was legal tender or had been issued; (2) it did not allege whether the Safeway Stores, Inc., is a domestic or foreign corporation, and, if a foreign corporation, whether it is authorized to do business in the State.

The demurrer was overruled, and no error was committed in so doing. Section 2506, Crawford & Moses' Digest, provides that, in all prosecutions for the unlawful taking of money by larceny, embezzlement or otherwise, it shall not be necessary to particularly describe the kind of money taken further than to allege gold, silver or paper money, and it is there further provided that "a general allegation in the indictment and proof of the amount of money taken shall be sufficient." The purpose of this statute was to abolish the requirement that the indictment allege the kind and character of money taken (further than that it was gold, silver or paper money), a requirement which had, in many cases, rendered it very difficult, and frequently impossible, to prove the allegations of the indictment as to the kind of money taken, even in cases where the testimony was perfectly clear that money of some kind had been taken. This statute requires the courts to know what everybody else knows, that money is money.

We said in the case of *Cook* v. *State,* 130 Ark. 90, 196 S. W. 922, that the dollar is the money unit of the United States, and that an indictment charging the larceny of a dollar sufficiently charged the taking of a money unit of this country, whether gold, silver, or paper money, and that it was unnecessary to allege its value, because money itself was the measure of value, both of itself and of all other things.

The indictment does not recite whether the Safeway Stores, Inc., the alleged owner of the stolen money, was a domestic or a foreign corporation, nor that, if a foreign corporation, it was authorized to do business in this State. But these allegations were unnecessary. Even though the owner were a foreign corporation doing business in this State without authority of law, it would not be *caput*

*lupinum.* It was unlawful to steal the money of a corporation, whatever its classification may be, and, certainly, an allegation as to the classification into which the Safeway Stores, Inc., falls is not essential to enable the defendant to prepare his defense or to interpose a plea of former jeopardy against another prosecution for the same offense. *Spears* v. *State,* 173 Ark. 1071, 294 S. W. 66.; § 3013, Crawford & Moses' Digest.

No question is made as to the legal sufficiency of the testimony. Cunningham, who was jointly indicted with appellant, became a witness for the State, and detailed the circumstances of the crime, which he stated was committed by himself, appellant and English. The latter, testifying as a witness on behalf of appellant, who was separately tried, denied any knowledge of or connection with the crime. But the corroboration of Cunningham was abundant. O. G. Allen, the man alleged to have been robbed, and Durwood Jones, who was in the store at the time, both testified that they recognized appellant as one of the robbers.

E. E. Brooks was called as an expert by appellant, and a hypothetical question was submitted upon which his opinion was asked. This question would have called for the opinion of the witness as to the powers of observation and recollection of Allen and Jones in the matter of their identification of appellant as one of the robbers, they never having seen him prior to the robbery. The court properly excluded this testimony. There was no contention that these witnesses were of unsound mind. It was, of course, proper to inquire how badly the witnesses themselves were frightened by the robbery, and this information might have been elicited by the examination of the witnesses themselves on that subject. It would not have been improper to have asked other witnesses present what opportunity Allen and Jones had to observe the robbers, also what their conduct was during the robbery. But the question whether these witnesses were mistaken in their identification, whether from

fright or other cause, was one which the jury, and not an expert witness, should answer. This was a question upon which one man as well as another might form an opinion, and the function of passing upon the credibility and weight of testimony could not be taken from the jury. *Dickerson* v. *State,* 121 Ark. 564, 181 S. W. 920; *Mitchell* v. *Lindley,* 148 Ark. 37, 228 S. W. 728.

The prosecuting attorney remarked in his argument that counsel for appellant was an expert in establishing the defense of an alibi. Upon objection being made the court told the jury that the argument was improper and to disregard it, and the prosecuting attorney was cautioned not to repeat the statement. We must assume that this rebuke and admonition removed any prejudice carried by the argument.

The jury returned a verdict of guilty and fixed the punishment at three years imprisonment in the penitentiary, and recommended that the sentence be suspended. It is insisted that this recommendation rendered the verdict illegal, indefinite and void. We held to the contrary in the case of *Clarkson* v. *State,* 168 Ark. 1122, 273 S. W. 353, where sentence was imposed notwithstanding the recommendation of the jury that it be suspended. We there said: ''Under Act 76, Acts 1923, page 40, circuit judges are authorized, under certain circumstances, to suspend the sentences of convicted persons, but the act vests this discretion in the judge, and not in the jury. It would, of course, be proper for the court to consider any recommendation the jury might make in the matter, but the jury can only recommend and cannot control the discretion vested in the judge. *Kelley* v. *State,* 133 Ark. 261, [202 S. W. 49].''

Certain other errors are assigned in the motion for a new trial, but they relate to questions which have been so long and so definitely settled that no useful purpose would be served by discussing them.

As no error appears, the judgment must be affirmed, and it is so ordered.