Fain v. State.

Crim. 3892.

Opinion delivered July 2, 1934.

*Rains & Rains,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

JOHNSON, C. J. This is a companion case to *Nobles* v. *State, ante* p. 472, decided on this date. The indictment is identical to that in the Nobles case; therefore need not be here set out. Upon trial to a jury, appellant was convicted as charged in the indictment, and was sentenced to three years in the State penitentiary, and this appeal is prosecuted to reverse this judgment of conviction.

Appellant's first contention that the indictment is not sufficient in law has been decided against his contention in the case of *Nobles* v. *State,* decided on this date, and need not be further considered.

The contention that there was a variance between the indictment and the proof in reference to the stolen money being coinage of the United States is without merit. *Criglow* v. *State,* 183 Ark. 407, 36 S. W. (2d) 400.

Next it is urged that the proof did not show that the offense was committed within the bar of the three-year statute of limitations. Albert Rich, the aggrieved party, testified, in effect, that he was robbed about the 14th of January, this year, meaning, of course, 1934. This was amply sufficient to establish the time when the offense was committed. *Nobles* v. *State, supra.*

Neither is reversible error made to appear because of the examination of Pete Fain by the prosecuting attorney in reference to a statement theretofore made by the witness. The record does not disclose that the trial court acted upon the contention here presented, therefore we are not allowed to determine this question.

We have carefully considered appellant's objections in reference to the instructions requested, given and refused by the trial court, but do not find reversible error therein.

Appellant's last contention is that the court permitted one of the jurors to separate from the other members

of the panel, and, while so separated, make a statement as to the mental status of the other members of the jury panel. Just how appellant's rights were prejudiced by the actions of this juror is not pointed out. This does not reflect prejudicial error. *Bieard* v. *State, ante* p. 217; *Fuller* v. *State,* 171 Ark. 730, 286 S. W. 809.

No reversible error appearing, the judgment is affirmed.