BOATRIGHT *v.* STATE.

Criminal 4075

Opinion delivered February 7, 1938.

612

. *Jack Holt,* Attorney General, and *John P. Streepey,* Assistant, for appellee.

HUMPHREYS, J. Information charging appellant with the crime of felonious false pretense was filed in the circuit court of Madison county, by J. W. Trimble, prosecuting attorney within and for the fourth judicial circuit of the state of Arkansas.

On the trial of the cause appellant was convicted and as a punishment for the crime was adjudged to serve one year in the state penitentiary. The verdict is as follows:

"Verdict

"We, the jury, find the defendant, M. D. Boatright, guilty of felonious false pretense, and fix his punishment at imprisonment in the Arkansas penitentiary for a term of one year, and ask the court to show all clemency possible.

"Oren Penny, Foreman."

Appellant filed a motion for a new trial which was overruled and on September 10, 1937, appellant was allowed sixty days within which to file his bill of exceptions. The judge signed and appellant filed his bill of exceptions on November 11, 1937, which was two days too late, in order for same to become a part of the record for consideration on appeal by this court. *Austin* v. *State,* 183 Ark. 481, 36 S. W. 2d 400. The evidence on the trial of a cause is brought into the record by filing a bill of exceptions within the time allowed by the court, and is the only way to bring evidence into the record,

so we cannot determine whether the evidence is insufficient to sustain the verdict and judgment without reference to the record.

Turning then to the face of the record to ascertain whether reversible error was committed by the trial court we find in the motion for a new trial only two assignments of error in addition to the assignment that the evidence is insufficient to support the verdict.

First; "Because the court erred in overruling his motion to quash the indictment, to which ruling of the court the defendant at the time duly excepted."

Second; "That the verdict returned here is a conditional verdict not based upon a finding of absolute guilt or innocence, and is, therefore, void; that it is a compromise verdict upon the conditions of the sentence and would not have been returned except for this agreement which asked the court to grant leniency."

(1) The transcript does not reflect that a motion to quash the indictment was filed by appellant or that any objection was made to overruling such a motion. It is true that in the motion for a new trial appellant states the trial court erred in overruling his motion to quash the indictment. However, the record does not show that such a motion was filed or that any objection was made to overruling same.

(2) The verdict is not conditional and void. It can not be said that the verdict would not have been returned except on condition that the court extend leniency to appellant. Verdicts in the form of the verdict in the instant case have been upheld by this court in the cases of *Kelly* v. *State,* 133 Ark. 261, 202 S. W. 49; *Clarkson* v. *State,* 168 Ark. 1122, 273 S. W. 353; and *Criglow* v. *State,* 183 Ark. 407, 36 S. W. 2d 400.

No error appearing, the judgment is affirmed.