WESTERDALE v. STATE.

4276                              168 S. W. 2d 615

Opinion delivered January 18, 1943.

*Alfred Featherston* and *O. A. Brewer,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

ROBINS, J.  The appellant, Clyde Westerdale, was found guilty by a jury in the lower court of the offense of removing property subject to a lien with the intent to defraud the holder of the lien, and has appealed from a judgment entered on this verdict.

The Attorney General challenges the validity of the bill of exceptions embraced in the transcript in this case on the ground that it was not filed within the time fixed by the court.  No error is shown in any part of the record not embraced in the bill of exceptions, so that, if, by reason of the invalidity of the bill of exceptions, we are precluded from considering that part of the record shown by the bill of exceptions, the judgment of the lower court must be affirmed.

The judgment in this case was rendered on September 2, 1942, and on the same day appellant's motion for new trial was overruled and the appellant granted forty-five days within which to prepare and file bill of exceptions.  On October 8, 1942, the attorney for the appellant wrote to the official stenographer requesting that her shorthand record of the trial be transcribed and filed.  This request was refused by the stenographer on the ground that she had not been paid for making this record.  The appellant did not file with the stenographer, nor with the clerk of the court, any oath to the effect that he had no property and was unable to pay the stenographer's fee.  On October 26, 1942, the appellant's attorney filed a verified petition with the judge of the lower court setting forth that the appellant was absent from the state and had no property within the State of Arkansas subject to execution, and praying that the court stenographer be required to transcribe immediately her notes and file the transcript thereof in the office of the clerk.  On the hearing of this petition

the court stenographer testified that she was not willing to file the transcript unless she was paid the statutory fees, and stated that the defendant, on the trial, was represented by two lawyers and had testified that he was the owner of sawmills in Oklahoma. The lower court refused to order the stenographer to file transcript of her notes. The time for filing bill of exceptions as fixed by the court expired on October 17, 1942. The bill of exceptions contained in the record herein was not filed with the clerk of the lower court until November 2, 1942, and appears to have been approved by the trial judge on November 17, 1942.

It is provided by § 2876 of Pope's Digest of the laws of Arkansas as follows: "In all cases no party shall be denied his bill of exceptions on account of his inability to pay the stenographer tax fee and for transcribing the stenographic notes *when he makes affidavit that he has no property and is unable to pay the same.*" (Italics ours). This affidavit was never made by the appellant, nor did he, during the period fixed by the court for filing bill of exceptions, make application to the judge for a rule on the stenographer to compel a filing by her of a transcript of her stenographic notes. This court has consistently adhered to the rule that a bill of exceptions not filed within the time fixed by the court could not be considered on appeal, and that the judge of the trial court in vacation did not have power to make an order extending the time for filing bill of exceptions. "Appellant filed a motion for a new trial which was overruled, and on September 10, 1937, appellant was allowed sixty days within which to file his bill of exceptions. The judge signed and appellant filed his bill of exceptions on November 11, 1937, which was two days too late, in order for same to become a part of the record for consideration on appeal by the court. *Austin* v. *State,* 183 Ark. 481, 36 S. W. 2d 400. The evidence on the trial of a cause is brought into the record by filing a bill of exceptions within the time allowed by the court, and is the only way to bring evidence into the record, so we cannot determine whether the evidence is insufficient to sustain the verdict and judgment without reference

to the record." *Boatright* v. *State,* 195 Ark. 611, 113 S. W. 2d 107.

The appellant did not make or file at any time the "pauper's oath" required by the statute to be made by one seeking a transcript of the stenographer's notes without paying the fees fixed by law, nor did he, within the time fixed by the order of the court for filing his bill of exceptions, seek any action by the court or judge to compel the stenographer to file her transcript.

The bill of exceptions, appearing in the record, filed after the expiration of the time for filing fixed by the lower court, cannot be considered by us. It follows, therefore, that the judgment of the lower court must be affirmed.