CAIN v. STATE.

4306                                    173 S. W. 2d 1005

Opinion delivered July 12, 1943.

*H. S. Grant,* for appellant.

*Guy E. Williams,* Attorney General, and *Earl N. Williams,* Assistant Attorney General, for appellee.

ROBINS, J. The prosecuting attorney of the Third Judicial Circuit filed information in the circuit court

of Jackson county charging appellant, a negro, with the crime of robbery. Appellant filed a motion to quash this information on the ground that 15 per cent. of the population of Jackson county were negroes, of which a considerable number were poll tax payers possessing the qualifications of jurors as prescribed by the laws of the state of Arkansas; that during the year 1943, and for many years prior thereto, negroes had been intentionally and systematically excluded from service on the jury commission and from jury service solely on account of their race and color; that the information against appellant was filed by the prosecuting attorney, a white man "sitting as a grand jury," and that appellant was thereby discriminated against in violation of the Constitution of the United States. The information was attacked in the motion to quash on other grounds which, however, are not urged by appellant in this court. This motion to quash was not signed by the attorney for the defendant, or the defendant, or any other person, and might well have been disregarded by the lower court for that reason.

The lower court permitted appellant to introduce witnesses in support of this motion, and, after hearing their testimony, overruled it. The court thereupon proceeded with the selection of the petit jury and, as set forth in the record, "the defendant accepted them as jurors to try the case and they were duly sworn as stated above by the clerk of this court as the jury to try the case."

After the jury had been sworn, appellant's attorney made the following statement: "The defendant now objects to the jury that is trying him not because of the jury but because he has no representation as to his race or color on this jury and asks the court that he be given such protection under the 14th Amendment of the Constitution of the United States." No testimony in support of this oral motion was offered, apparently the court and counsel treating the testimony heard in support of the motion to quash as being tendered in connection with appellant's challenge to the petit jury. The court overruled the motion, saying: "The oral motion of the

defendant is overruled at this time for the reason that same is too late. There was no such motion offered or made until the jury has been selected, qualified and duly sworn to try the case; and the court would not be authorized at this time, since jeopardy has begun, to set aside the jury as requested by defendant's attorney. The motion is overruled.''

The jury returned a verdict by which the defendant was found guilty as charged in the information and his punishment fixed at imprisonment in the penitentiary for three years.

The only grounds for reversal urged here are that the lower court erred in overruling appellant's motion to quash the information and erred in overruling appellant's challenge to the trial jury after it had been empaneled. Assuming, but not deciding, that the matters set forth in either of these motions would, if proved, have entitled the appellant to the relief sought, it was of course necessary for the appellant to introduce testimony in support thereof. The trial court heard the testimony offered by appellant, and, by overruling the motions, held that the testimony introduced was insufficient. We cannot review the trial court's findings on these motions for the reason that the bill of exceptions by which it is attempted to bring this testimony into the record was not filed in apt time. The record recites that the judgment of conviction in this case was rendered on February 9, 1943, and that the lower court, on ''February ......, 1943,'' overruled appellant's motion for a new trial and gave him 60 days in which to present and file bill of exceptions. This order overruling the motion for new trial could not have been made later than February 28, 1943, so that appellant's time for filing bill of exceptions necessarily expired not later than April 28, 1943. The bill of exceptions shown in the record was not filed until May 11, 1943, which was at least thirteen days after the expiration of the time for filing same as fixed by the trial court.

The rule of this court, uniformly adhered to, is that a bill of exceptions not filed within the time fixed by the

court is not properly a part of the record and cannot be considered on appeal. *Austin* v. *State,* 183 Ark. 481, 36 S. W. 2d 400; *Boatright* v. *State,* 195 Ark. 611, 113 S. W. 2d 107; *Chandler* v. *State,* 167 S. W. 2d 142; *Westerdale* v. *State,* 205 Ark. 100, 168 S. W. 2d 615; *Caldwell* v. *State, ante,* p. 19, 168 S. W. 2d 807; *French* v. *State,* 205 Ark. 386, 168 S. W. 2d 829. Applying this rule in the case at bar it must be held that the purported bill of exceptions shown in the transcript cannot be considered by us. An examination of the record proper does not disclose any error of the lower court in the trial of this case. The judgment of the lower court is accordingly affirmed.