BOBBY K. DOYLE *v.* STATE OF ARKANSAS

5789                                    489 S.W. 2d 793

Opinion delivered January 29, 1973

*William F. Sherman,* for appellant.

*Ray Thornton,* Atty. Gen., by: *Henry Ginger,* Deputy, for appellee.

CARLETON HARRIS, Chief Justice. Bobby K. Doyle was charged with the crime of assault with intent to kill Captain P. B. Frederick, a court bailiff in Pulaski County, and on trial was convicted of the offense and given 18 years imprisonment in the Arkansas Department of Corrections. From the judgment so entered, appellant brings this appeal. For reversal of the judgment, it is urged that the trial court erroneously charged the jury.

The substantiality of the evidence supporting the conviction is not questioned and we accordingly proceed to discuss the asserted errors relied upon.

First, it is contended that the court erred in refusing to give appellant's requested instructions 7 and 8. We find no error in this connection for the reason that matters pertinent to the charge were covered in the court's instruction No. 8. For instance, appellant asserts that the jury was not told that assault with a deadly weapon is an offense lesser included in the offense of assault with intent to kill; the court, however, did give an instruction on aggravated assault, specifying it as the same offense, and used interchangeably with assault with a deadly weapon, declaring it a misdemeanor, and then citing the same statute, Ark. Stats. 41-605 (1964 Repl.) included in the requested instruction by appellant. The court also gave a statutory definition of assault with intent to kill, murder, voluntary manslaughter, along with a recital of distinctions between these offenses. Of course, we have said that it is proper to give instructions which follow the wording of the statute and are applicable to the facts in the particular case, *Graham v. State,* 202 Ark. 981, 154 S.W.2d 584. It is also contended that the court's instruction places excessive and unfair emphasis on the crime of murder, of which appellant, of course, could not be charged (Frederick not having died); that the court emphasized the relationship between assault with intent to kill and murder, mentioning this connection three different times. Here, appellant has reference to the following portions of the instructions appearing on three different pages, as follows:

"You will observe from the reading of this that if the circumstances were such that if death had resulted from the assault it would have been murder in the first or murder in the second degree, and he had the specific intent to kill at the time of the assault, he would be guilty of assault with intent to kill. . .

"In order to constitute assault with intent to kill it is necessary, as I have told you, that if death had resulted from it the defendant would have been guilty of murder in one degree or the other. . .

"You are told to give the defendant the benefit of a reasonable doubt. If he would not have been guilty of either murder in the first or second degree, had death resulted, but would only have been guilty of manslaughter, then he would be guilty at most only of aggravated assault, but if it would have been murder in either the first or second degree, had death resulted, and he had the specific intent to kill at the time, he would be guilty of assault with intent to kill."

We do not agree with appellant's argument. Instruction No. 8 is rather lengthy, covering several pages, and the portions just copied were all given in connection with some other phase of the instruction. Actually, we cannot possibly see, even if there were an emphasis, how same could be prejudicial to appellant. To the contrary, the jury was being forcefully told that it could not convict Doyle of the offense of assault with intent to kill unless the offense would have been murder had Frederick died. Jerry Kennedy, a friend of Doyle's and the person who had given Doyle the knife which was used by the latter, testified that the stabbing of Frederick was an accident and that Bobby was concerned after the stabbing over Frederick's condition. He also indicated that Doyle, in using the knife, was only interested in making an escape,[1]. "Well, I believe that if Doyle had wanted to he could have stabbed real easy a bunch more times." The instruction, of course, correctly stated the law and we have so held numerous times. See *Acuff* v. *State,* 253 Ark., September 25, 1972, 484 S.W.2d 698, and cases cited therein.

Finally, it is also contended that the trial court erred in not giving appellant's requested instruction No. 9 which embraced reasonable doubt, it being asserted that the court's instruction did not sufficiently inform the jury as to the benefit of reasonable doubt in connection with the felonious intent required to convict on the charge of assault with intent to kill. The trial court

[1]. Frederick was stabbed as he was escorting Doyle back to the jail from the circuit courtroom where he had just been sentenced to three years imprisonment for grand larceny. Doyle, in escaping, stabbed Frederick with a knife which had been earlier slipped to him by Kennedy.

refused this instruction, and noted that the question of reasonable doubt was covered in its own instruction. We agree that no error was committed, the court telling the jury "You must give the defendant the benefit of a reasonable doubt on the degree of assault and, also, the facts of the whole case".

"You are told to give the defendant the benefit of reasonable doubt."

These statements were included in instruction No. 8 and in the state's requested instruction No. 2, given as the court's instruction No. 2, the jury was instructed as follows:

"The defendant is presumed to be innocent at the commencement of the ' trial, and this presumption follows him throughout the trial, or until the evidence convinces you of his guilt beyond a reasonable doubt. The effect of this presumption is to cast the burden of proof on the State to prove to your satisfaction all the material allegations in the information."

Appellant's requested instruction No. 13, which properly defined "reasonable doubt" was also given as the court's instruction No. 3.

Finding no reversible error, the judgment is affirmed.

It is so ordered.